IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBINSON MARTINEZ,                    §
                                      §
          Petitioner,                 §
                                      §
v.                                    §          CIVIL ACTION H-13-0707
                                      §
ERIC HOLDER, *et al.*,                §
                                      §
          Respondents.                §

MEMORANDUM AND ORDER OF PARTIAL DISMISSAL

Petitioner, Robinson Martinez, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Document No. 1), supplemented by a Complaint for Declaration Judgment (Document No. 6) filed a couple of weeks later. Petitioner is currently detained by the Bureau of Immigration and Customs Enforcement ("ICE") in Houston, Texas, pending the completion of removal proceedings. (Id.) Petitioner seeks a determination of citizenship and release from custody.

Pending is Respondents' motion to dismiss (Document No. 15), to which Petitioner filed a response in opposition (Document No. 31). For the reasons that follow, the Court will grant Respondents' Motion to Dismiss for lack of subject matter jurisdiction (1) Petitioner's complaint under 8 U.S.C. § 1503(a), for a declaration of United States nationality and (2) for judicial review of ongoing removal proceedings against Martinez,

and will deny without prejudice, subject to further submissions on both the facts and the controlling law, Petitioner's petition for a writ of habeas corpus.

## I. Background

Petitioner was born in Mexico and entered the United States as a lawful permanent resident on May 24, 1990. In 2004, in the Western District of Michigan, Southern Division, Martinez pled guilty pursuant to a plea agreement in Cause No. 96-CR-95-02 to a reduced federal charge of Use of a Communication Facility in commission of a drug conspiracy, in violation of 21 U.S.C. § 843(b). Public documents in the case file reflect that Martinez admitted that he used a telephone to facilitate the conspiracy to distribute at least 100 kilograms of marijuana as charged in Count 1 of the Superseding Indictment. The minimum in Martinez's federal Sentencing Guideline custody range exceeded the statutory maximum for the crime of conviction, due in part to the quantity of drugs involved as well as the fact that he committed the offense while on probation for 1992 convictions of Assault and Intent to Do Great Bodily Harm and Attempted Felonious Assault. The District Court for the Western District of Michigan on February 7, 2005, imposed sentence on Martinez for the statutory maximum of 48 months.

While still serving his federal sentence, Martinez pled guilty to Manslaughter in the 370th Judicial District Court of Hidalgo County, Texas, and was sentenced on October 18, 2005, to ten years imprisonment to run concurrent to the federal controlled substance sentence imposed in the Western District of Michigan.  Upon completion of his term of federal imprisonment, the Federal Bureau of Prisons on October 30, 2007 released Martinez to the State of Texas to complete his state sentence on the Manslaughter conviction.  It was while Martinez was in custody of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) that he was interviewed in 2007 by an ICE official, who determined that he was a removable alien under 8 U.S.C. § 1227(a)(2)(A)(iii) and (B)(i).  The Department of Homeland Security commenced removal proceedings against Martinez on July 23, 2010, based on his not being a citizen or national of the United States, and being a native and citizen of Mexico, and having been convicted of a controlled substance felony in the Western District of Michigan and of Manslaughter in the State of Texas.  On October 2, 2012, Martinez was released from state custody and paroled to ICE on its detainer.

After ICE encountered him in state custody, Martinez filed in August 2009 with the United States Citizenship and Immigration Services (USCIS) an Application for Certificate of Citizenship

3

(Form N-600) as a child of a United States citizen pursuant to former 8 U.S.C. § 1435.  The application was denied on May 8, 2012, because of Petitioner's failure to demonstrate that he met the requirements for citizenship.  In December, 2012, Martinez submitted a second N-600 Application for Certificate of Citizenship, which was rejected as an impermissible successive application.  Petitioner's Motions to Reopen and Reconsider the Denials of Certificates of Citizenship were also denied as having been untimely filed and as not complying with applicable Regulations.  On February 25, 2013, Petitioner filed this § 2241 Habeas Corpus Petition (Document No. 1), supplemented by his March 13, 2013 Complaint for Declaration Judgment of U.S. Citizenship (Document No. 6), in which he prays for declaratory judgment that Petitioner is entitled to a determination of United States citizenship derived and/or acquired through his alleged U.S. citizen father and to issue a writ of habeas corpus directing Respondents to show cause why Petitioner should not be released on bond.

On August 20, 2013, an Immigration Judge found Petitioner removable as charged and denied his motion to terminate based on a claim that he derived United States citizenship from his mother.  (Martinez has variously claimed derivative citizenship through his father, his mother, and one or more grandparents, in

4

a rather complex set of claims.  The Board of Immigration Appeals in its decision last month noted that Martinez and his own mother "are brother and sister by adoption since [Martinez] was adopted by his grandparents.") Petitioner appealed the Immigration Judge's denial of relief to the Board of Immigration Appeals which, on February 12, 2014, remanded the proceeding for the Immigration Judge to re-assess Petitioner's claim that he derived United States citizenship through his mother, to assess new evidence presented by Petitioner on appeal and any additional material evidence that Petitioner may submit to the Immigration Judge.  Petitioner throughout his removal proceedings has opposed removal based upon his various claims of derivative citizenship. The Board of Immigration Appeals found last month that further analysis is required of Petitioner's claim for derivative citizenship on such matters as:

> whether the [petitioner's] mother was born out of wedlock; whether the [petitioner's] grandfather met the residence requirements under the relevant sections pertaining to out-of-wedlock derivative citizenship acquisition, and whether the [petitioner's] mother was legitimated.

Respondents move to dismiss the Complaint and its supplement asserting, *inter alia*, that under the REAL ID Act the Court lacks subject matter jurisdiction over Petitioner's claims because

Petitioner has adequate and effective alternatives to habeas review in the form of his ongoing removal proceedings, and that the Court lacks jurisdiction over Petitioner's request for a declaration of citizenship under 8 U.S.C. § 1503(a) because his request arose by reason of, or is at issue in, Petitioner's removal proceedings.

II. <u>Analysis</u>

A.   <u>Rule 12(b)(1) Motion</u>

Because federal courts are courts of limited jurisdiction, it is incumbent that the court dismiss an action "whenever it appears that jurisdiction may be lacking." <u>Stockman v. Federal Election Comm'n</u>, 138 F.3d 144, 151 (5th Cir. 1998). Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge the subject matter jurisdiction of the district court to hear a case. FED. R. CIV. P. 12(b)(1). In ruling on a motion to dismiss for lack of subject matter jurisdiction, courts may evaluate: (1) the petition alone; (2) the petition supplemented by undisputed facts evidenced in the record; or (3) the petition supplemented by undisputed facts plus the court's resolution of disputed facts. *See* <u>Den Norske Stats Oljeselskap As v. HeereMac Vof</u>, 241 F.3d 420, 424 (5th Cir. 2001). The burden of establishing subject matter jurisdiction in federal court is on

the party seeking to invoke it.  <u>Hartford Ins. Group v. Lou-Con Inc.</u>, 293 F.3d 908, 910 (5th Cir. 2002).  Accordingly, Petitioner in the instant case must prove that jurisdiction does, in fact, exist.  <u>Menchaca v. Chrysler Credit Corp.</u>, 613 F.2d 507, 511 (5th Cir. 1980).  A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.  <u>Krim v. pcOrder.com, Inc.</u>, 402 F.3d 489, 494 (5th Cir. 2005).  In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case."  <u>Id.</u>

## B.  <u>Determination of Citizenship</u>

A person generally may pursue a citizenship claim in two ways, affirmatively and defensively.  <u>Lopez v. Holder</u>, 563 F.3d 107, 110 (5th Cir. 2009).  Affirmatively, a claimant may apply for a certificate of citizenship by filing a Form N-600 with USCIS under 8 U.S.C. § 1452(a).  <u>Rios-Valenzuela v. Department of Homeland Security</u>, 506 F.3d 393, 397 (5th Cir. 2007).  If unsuccessful, the claimant may appeal to the Administrative Appeals Unit under 8 C.F.R. §§ 341.6, 103.3(a).  <u>Id.</u>  Thereafter, if the appeal is unsuccessful, the claimant shall have exhausted

administrative remedies and may file a declaratory judgment action under 8 U.S.C. § 1503(a) in a district court for a declaration of citizenship. Id. However, section 1503(a) precludes such an action if the issue of petitioner's status as a national of the United States "(1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding." 8 U.S.C. § 1503(a); *see also* Rios-Valenzuela, 506 F.3d at 396–401.

Defensively, a claimant may assert a claim of citizenship as a defense in removal proceedings. Id. at 396–97. If the immigration judge rejects the defense and orders removal, the claimant must properly exhaust the administrative channels and appeal the decision to the Board of Immigration Appeals (BIA). 8 C.F.R. § 1003.1(b). Further, if the BIA also rejects the claim, the claimant may file a petition for review with the appropriate court of appeals. 8 U.S.C. § 1252(a)(5). Under 8 U.S.C. § 1252(b)(5), the court of appeals may decide the nationality claim or, if it finds a genuine issue of material fact about the petitioner's nationality, transfer the case to a district court for a new hearing on the nationality claim. 8 U.S.C. § 1252(b)(5).

Petitioner asserts that the Court has jurisdiction over his citizenship claim because he filed his N-600 application before the Department of Homeland Security commenced removal proceedings against him.  The right to file an action under § 1503(a), however, does not depend on when one lodges with a department or agency of the United States a claim of "right or privilege as a national of the United States," but rather when there is a final administrative *denial* of such a claim.  *See* 1503(a) ("An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court . . . .").  <u>Id.</u>  Only then may the Court have jurisdiction over a case properly brought under § 1503(a).  The statute carves out two exceptions, however, in which such an action may not be instituted:  "when the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding . . ., or (2) is in issue in any such removal proceeding."  <u>Id.</u>

Petitioner contends that because he filed his N-600 on August 5, 2009, the issue of his status "arose" then, and not "by reason of, or in connection with any removal proceeding," *see* § 1503(a)(1), which proceeding was filed later.  An analysis of § 1503(a)(1) is not required, however, because in Martinez's case, the exception stated in § 1503(a)(2) applies, namely, when

9

Martinez filed this case the issue of his status *already* was in issue in his removal proceeding.  The distinction was made in Rios-Valenzuela v. Department of Homeland Security, 506 F.3d 393, 397 (5th Cir. 2007), when the court agreed with the claimant that § 1503(a)(2) did not deprive the courts of jurisdiction "because there were no removal proceedings pending when he filed his declaratory judgment action."  The court explained, "in other words, a purported citizen may not initiate or begin a declaratory judgment action to establish his citizenship if it is already being litigated in a removal proceeding."  Unlike Rios-Valenzuela, where the claimant filed suit when no removal proceedings were pending against him, in this case the Department of Homeland Security commenced removal proceedings against Martinez on July 23, 2010, while he was still serving time on his state Manslaughter conviction, and those removal proceedings have continued through hearing by the Immigration Judge, Martinez's appeal to the Board of Immigration Appeals, and a remand back to the Immigration Judge where the removal proceedings and Martinez's citizenship are still being litigated.  It was not until February 13, 2013, during the pendency of his ongoing removal proceedings, that Martinez filed this petition for declaratory judgment that he is a national of the United States.

10

Thus, Petitioner's request for determination of his citizenship is DISMISSED for lack of jurisdiction.  8 U.S.C. § 1503(a)(2).

C.   <u>Review of Removal Proceedings</u>

Petitioner asserts a number of claims alleging deficiencies in his removal proceedings.  Among other things, Petitioner asserts that the Immigration Judge's (IJ) rejection of his derivative citizenship claim was arbitrary, capricious, and based on application of incorrect law (Document No. 1 at 7-14); that Petitioner was denied effective assistance of counsel in relation to his citizenship application based on various mistakes by his attorney (<u>Id.</u> at 15-21); that the IJ erred in refusing Petitioner's request for a change of venue (<u>Id.</u> at 22); and, that the IJ improperly denied Petitioner release on bond (<u>Id.</u> at 24-25).

Petitioner has cited no authority establishing that the district court has jurisdiction to review the rulings made to date in the removal proceedings.  As Respondents correctly point out, the REAL ID Act divests this Court of subject matter jurisdiction to review Petitioner's claims related to his removal proceedings.  It is well-settled that "passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such

challenges via petitions for review." Moreira v. Mukasey, 509
F.3d 709, 712 (5th Cir. 2007). Moreover, "[j]udicial review of
all questions of law and fact, including interpretation and
application of constitutional and statutory provisions, arising
from any action taken or proceeding brought to remove an alien
from the United States under this subchapter shall be available
only in judicial review of a final order under this section."
8 U.S.C. § 1252(b)(9). *See also* 8 U.S.C. § 1252(a)(5), and
§ 1252 *passim*; Rios-Valenzuela, 506 F.3d 393, 399 (observing the
legislative "concern that the federal courts not be used as tools
to frustrate and interfere with removal proceedings."). 
Petitioner's claims challenging interlocutory rulings and the
general efficacy of the ongoing administrative removal
proceedings against him are DISMISSED for lack of jurisdiction.


D. Review of Detention

Petitioner also invokes the Court's jurisdiction under 28
U.S.C. § 2241 to challenge his detention under the Due Process
Clause of the Fifth Amendment. (Document No. 1 at 4-5.)
Petitioner asserts that his detention is unlawful because he has
a colorable, non-frivolous claim to citizenship and because his
criminal convictions do not subject him to mandatory detention
under 8 U.S.C. § 1226(c). Petitioner further asserts that he has

12

been improperly denied a <u>Joseph</u> hearing to demonstrate that he is not included in a mandatory detention category and is eligible for release on bond, *see* <u>In re Joseph</u>, 22 I. & N. Dec. 799 (BIA 1999), and that he has been detained for an unreasonable length of time in violation of his Fifth and Fourteenth Amendment rights.

Respondents argue that Petitioner's § 2241 motion for a writ of habeas corpus must be dismissed because of Petitioner's failure to exhaust his administrative remedies both with respect to his claim of citizenship and to his request for release from custody. Respondents state their "belief" that Petitioner has not requested a <u>Joseph</u> hearing and state that Petitioner therefore cannot complain of having been improperly denied such a hearing.

Petitioner was released to ICE custody on its detainer on October 2, 2012, and thus as of this date he has been held approximately 18 months during the removal proceedings. If Petitioner is a criminal alien, and thus far he has not succeeded in establishing his claim of derivative citizenship, and if he was convicted of an aggravated felony, as Respondents contend, it would appear that detention is mandatory and in and of itself is not a violation of Martinez's constitutional rights. *See* 8 U.S.C. § 1226(c). "Detention during removal proceedings is a

13

constitutionally permissive part of that process." <u>Demore v.</u>
<u>Kim</u>, 123 S. Ct. 1708, 1721-22 (2003).  Justice Kennedy, in his
concurring opinion in <u>Demore</u>, stated:

> Were there to be an unreasonable delay by the INS in
> pursuing and completing deportation proceedings, it
> could become necessary then to inquire whether the
> detention is not to facilitate deportation, or to
> protect against risk of flight or dangerousness, but to
> incarcerate for other reasons.

123 S. Ct. at 1722.  Hence, a "lawful permanent resident alien
such as [Kim] could be entitled to an individualized
determination as to his risk of flight and dangerousness if the
continued detention became unreasonable or unjustified." <u>Id.</u>

Judge Nancy Atlas of this Court helpfully discussed <u>Demore</u>
and its progeny in <u>Garcia v. Lacy</u>, CIV.A. H:12cv3333, 2013 WL
3805730 (S.D. Tex. July 19, 2013).  The petitioner in <u>Garcia</u>, who
also claimed to have derivative citizenship, had been in custody
for approximately 28 months during his removal proceedings when
Judge Atlas issued her opinion.  The court observed that much of
the delay was attributable to the petitioner, and that other
circumstances that entailed delay were for his benefit, all of
which significantly increased the duration of his detention.  At
the same time, however, the court found that there was nothing to
show that the petitioner was being incarcerated for any reason

14

other than that contemplated by § 1226(c), and that the Department of Homeland Security had steadfastly pursued its intent to remove petitioner. The removal proceedings appeared to be reaching a conclusion and an appeal was expected to be concluded expeditiously. Accordingly, the court concluded that petitioner's detention "had not reached a point where it had become unconstitutional." Id. at *5.

The record in this case--perhaps because of extensive briefing on the jurisdictional questions determined above in Sections II.A. and B. of this Memorandum--is inadequate on the details of whether Martinez requested and was denied a Joseph hearing, how the removal proceedings have progressed during these 18 months of his detention, whether delays have been in any manner attributable to Petitioner, whether possibly there have been other reasons for detaining Petitioner besides those contemplated by § 1226(c), whether the new and remaining issues in the removal proceedings that were remanded by the BIA for further hearing are likely to reach early conclusion before an Immigration Judge, and, in short, whether there has been "an unreasonable delay by [Respondents] in pursuing and completing deportation proceedings." Demore, 123 S. Ct. at 1722 (Kennedy, concurring). The parties may also brief any new development of

§ 2241 legal precedents in cases such as this following <u>Demore v. Kim</u>. Accordingly, Respondents' motion to dismiss Petitioner's § 2241 motion will be denied at present without prejudice to permit an adequate development of the record.

III. <u>Order</u>

For the foregoing reasons, it is

ORDERED that all claims filed by Petitioner Robinson Martinez are DISMISSED for lack of jurisdiction, except for that portion of his application for a writ of habeas corpus based upon his claim of unreasonable detention without bond for a period of approximately 18 months, which began October 2, 2012; and it is further

ORDERED that within forty-five (45) days after the date of this Order Respondents shall file a supplement or such other submission as may be appropriate to detail the facts and legal authorities pertaining to Petitioner's § 2241 motion and due process claims regarding his detention without bond since October 2, 2012; and Petitioner, upon being served a copy of

16

Respondents' submission, shall have forty-five (45) days within which to respond thereto.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 31st day of March, 2014.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

17